UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RANCE LEON COX,                                                                          Plaintiff,

v.                                                 Civil Action No. 3:18-cv-P70-DJH

DANNY ALLEN *et al.*,                                              Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Rance Leon Cox filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Docket No. 1). By Order entered July 2, 2018 (DN 5), the Court provided Plaintiff with an opportunity to file an amended complaint to name as Defendants in their individual capacity the person or persons he claims engaged in the alleged medication claim and to provide the facts surrounding how each Defendant allegedly violated his rights. The Court advised that should Plaintiff file no amended complaint within 30 days, the Court would conduct its initial review pursuant to 28 U.S.C. § 1915A on the original complaint only. No amended complaint having been filed, the Court will undertake its initial review on the original complaint (DN 1), and for the reasons that follow, the action will be dismissed.

### **I. SUMMARY OF CLAIMS**

Plaintiff is a convicted inmate currently incarcerated in the Hardin County Detention Center (HCDC). As Defendants, he names HCDC Jailer Danny Allen and sues him in his individual and official capacities and also names HCDC Deputy Penny McDowell but does not indicate the capacity in which he sues her.

In the complaint, Plaintiff divides his claims into two paragraphs. First, he alleges as follows:

> I am in Protective Custody and unable to order reg. canteen or use the phone on my hour out each Day!! But the inmate in same segragation unit here on medical reason, drinks coffee, eats good from canteen and makes calls everyday in front of me! This is Cruel and Unusal Punishment and a clear voilations against my rights! Canteen lady says this is to keep inmates from checking into Protective Custody!

Second, Plaintiff alleges:

> I asked from my mental medication to be started here at Hardin Co. Detention Center, but the nurses here won't let me just have the psych. medication; they told me I must take all my meds or none and they are forcing me to eat a Diabetic Meal or nothing at all!!! I never ate a Diabetic Meal on the Streets; Should Not Be forced to eat one in Jail!!! This also is Cruel and Unusal Punishment; in both complaints I am clearly being "Discriminated" against!! Just because I am trying to live my life my way!

As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD OF REVIEW

When a prisoner seeks relief against governmental entities, officers, and/or employees, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

#### *A. Defendant Allen*

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Moreover, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576

(6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Shehee v. Luttrell*, 199 F.3d at 300 (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because that Defendant was personally involved in the acts about which Plaintiff complains.  *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Here, Plaintiff's § 1983 claim against Defendant Allen in his individual capacity appears to be based upon the actions and inactions of others.  Nothing in the complaint sets forth any action taken on the part of Defendant Allen or shows how this Defendant was personally involved in the alleged wrongful conduct.  Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Allen in his individual capacity, and the claims against him will be dismissed.

### B.  *Defendant McDowell*

Plaintiff fails to state in what capacity he is suing Defendant McDowell.  However, even assuming that she is being sued in her individual capacity, the claim must be dismissed.  "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation[.]"  *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed,

even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights."). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Plaintiff lists Defendant McDowell as a Defendant in the caption only, and he does not state any allegations against Defendant McDowell in the complaint or state how she was directly involved in any of the alleged wrongdoing. Plaintiff, therefore, fails to state any claim against Defendant McDowell, and, to the extent Plaintiff may have been asserting a claim against this Defendant in her individual capacity, such claim will be dismissed.

### C. Telephone and Canteen Use

Plaintiff asserts that he is in protective custody and "unable to order reg. canteen or use the phone."

"[P]risoners have no per se constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1047-48 (9th Cir. 2002) (holding that there is no First Amendment right to telephone access; instead there is a First Amendment right to communicate with persons outside of prison walls, and "[u]se of a telephone provides a *means* of exercising this right"); *Saenz v. McGinnis*,

5

No. 98-2022, 1999 WL 777659, at *2 (6th Cir. Sept. 17, 1999) (finding that the district court did not err in denying the plaintiff's preliminary injunction motion seeking to prohibit the defendants from enforcing a six-month telephone restriction imposed for misconduct); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (noting that "an inmate 'has no right to unlimited telephone use'") (citation omitted); *Rowe v. Ward*, No. 4:16-CV-P39-JHM, 2016 WL 3875954, at *2-3 (W.D. Ky. July 13, 2016) (finding that the deprivation of telephone use for one week was not a violation of a Fourteenth Amendment liberty interest); *Walker v. Loman*, No. 2:06-cv-00896-WKW, 2006 WL 3327663 (M.D. Ala. Nov. 15, 2006) (holding the 90-day loss of store, telephone, and visitation privileges did not result in the deprivation of a liberty interest or violate the Eighth Amendment). The Court finds that Plaintiff has not alleged a constitutional violation with regard to access to the telephone.

Additionally, Plaintiff has "no federal constitutional right to purchase items (food or non-food) from a commissary at all." *Adams v. Hardin Cty. Det. Ctr.*, No. 3:16-CV-P29-CRS, 2016 WL 2858911, at *3 (W.D. Ky. May 16, 2016); *see also Grady v. Garcia*, 506 F. App'x 812, 814-15 (10th Cir. 2013) (finding no due-process claim where the plaintiff was denied canteen privileges for 105 days); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) (stating that "we know of no constitutional right of access to a prison gift or snack shop"); *Ferguson v. Thomas*, No. 5:14-CV-02396-RDP-JHE, 2016 WL 3774126, at *11 (N.D. Ala. June 20, 2016) ("[P]risoners have no right to use of a prison commissary."), *report and recommendation adopted*, No. 5:14-CV-02396-RDP-JHE, 2016 WL 3753230 (N.D. Ala. July 14, 2016); *Hopkins v. Keefe Commissary Networks Sales*, No. 07-745, 2007 WL 2080480, at *5 (W.D. Pa. July 12, 2007) ("Inmates have no federal constitutional right to be able to purchase items from a

commissary."). Thus, the Court finds that Plaintiff has not alleged a constitutional violation with regard to access to the canteen.

Accordingly, the claims regarding the limitations on Plaintiff's use of the telephone and canteen will be dismissed.

### D. "Psych. Medication" and Diabetic Meals

Plaintiff alleges that "the nurses here won't let me just have the psych. medication; they told me I must take all my meds or none and they are forcing me to eat a Diabetic Meal or nothing at all!!!"

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Despite the Court having provided Plaintiff with an opportunity to amend his complaint to name those person(s) he claims were involved in administering his mental health medication and to provide the facts surrounding how each Defendant allegedly violated his rights, Plaintiff failed to amend the complaint. Thus, he fails to attribute any of the alleged wrongdoing to the

7

named Defendants (Allen and McDowell) and fails to identify any other persons who allegedly would not allow him to take only his "psych. medication."  Further, it is unclear whether Plaintiff is alleging that he was completely denied his "psych. medication" or whether he took those medications with all of his medications, even though that is not what he wanted to do.  Nevertheless, Plaintiff fails to allege any harm as a result of his complaints.  He, therefore, fails to state a claim upon which relief may be granted.

As to his claim that he was forced to eat diabetic meals, he also fails to name any person involved in that claim.  Further, while "deliberate and unnecessary withholding of food essential to normal health can violate the eighth amendment," *Kennibrew v. Russell*, 578 F. Supp. 164, 168 (E.D. Tenn. 1983) (citing *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977)), Plaintiff does not make such an allegation here.  Indeed, Plaintiff fails to describe his food claim with any particularity in the complaint, merely alleging that he was forced to eat a "diabetic meal or nothing at all," and he fails to allege that he did not eat or was denied meals or that he suffered any harm as a result of being served diabetic meals.

Plaintiff, therefore, fails to state a constitutional claim with respect to his denial of "psych. medication" and forced diabetic meals claims.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: August 29, 2018

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.005